### AHRENS v. UNION RY. CO.

(Supreme Court, Appellate Term.   February 7, 1908.)

STREET ·RAILROADS—COLLISIONS—MISCONDUCT OF MOTORMAN—SCOPE· OF EM-
    PLOYMENT—QUESTION FOR JURY.

    Where, in an action for injuries to a horse and carriage in a collision
with a street car, there was evidence that the motorman intentionally ran
the car into the carriage, it was for the jury to determine whether the
motorman acted within the scope of his employment; and a charge au-
thorizing a recovery if the motorman intentionally ran the car into the
carriage was erroneous.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads,
§ 251; vol. 34, Master and Servant, § 1275.]

Appeal from Municipal Court, Borough of the Bronx, Second Dis-
trict.

Action by. Henry J. Ahrens against the Union Railway Company.
From a judgment for plaintiff, defendant appeals.   Reversed, and new
trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and
GERARD, JJ.

William E. Weaver, for appellant.

Headley M. Greene, for respondent.

PER CURIAM.   The action is for damages to plaintiff's horse and
carriage, by reason of a collision with one of defendant's cars.   Plain-
tiff's horse and wagon were in charge of one Curren, who testified
as follows:

"Q. And what took place then?   A. He (the motorman) says, 'I can't wait for
you all day,' and he gave his brake, and started on, and threw me out of the
way.   Q. Where did the car hit you then?   A. The car hit the side of the
fender, and crushed the wheel, a front wheel; yes, the front left-hand wheel."

He afterwards testified that the motorman said, "I can't wait for you
all day," and released his brake.   The court, in overruling the defend-
ant's motion to dismiss the complaint, said:

"He (Curren) has testified that he (the motorman) struck twice.   He does not
say how much he was hurt the first time; but after the second blow he says
his wagon was injured, as shown by Mr. Benjamin and others.   As I take it,
he is suing for that second blow, when the motorman told him, as he claimed,
'I haven't time to wait for you,' and struck him again.   If he was on the track,
and the motorman could have avoided the accident, he should have done so.
That is the point in the case.   I will overrule your motion."

In his charge to the jury, the learned judge said:

"He (plaintiff) contends that the car ran into him, and the motorman said
something like, 'I can't wait all day for you,' and struck him the second time.
There is a strong conflict of testimony here.   If you believe the plaintiff's
story, he is entitled to a verdict."

The judge further said:

"If you believe the plaintiff's statement that the car ran into him the second
time, as he said it did, with those words uttered by the motorman, he is en-
titled to recover."

Defendant duly excepted to these charges. It was strictly within the province of the jury to determine as a question of fact whether the intentional trespass of the motorman was committed by him within the scope of his employment, and it was error for the trial court to take this question from the jury and instruct them that, if the motorman acted as plaintiff testified he did, plaintiff was entitled to recover. See Barry v. Union Railway Co., 105 App. Div. 520, 94 N. Y. Supp. 449. Furthermore, the judge seems to have taken the question of negligence entirely from the jury, and told them to find a verdict for plaintiff, if plaintiff's version of the accident was believed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.